IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SANDRA FAY GIPSON, as Administratrix of,
and Personal Representative on Behalf of the
Wrongful Death Beneficiaries of the Estate of
CHARLES ELLIOTT McGREW, Deceased                                               PLAINTIFF

V.                                               CIVIL ACTION NO. 3:16-cv-624 DPJ-FKB

MANAGEMENT & TRAINING CORPORATION
and JOHN AND JANE DOES 1-100                                                   DEFENDANTS

## MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR ADVERSE INSTRUCTION

MTC lost and/or destroyed crucial evidence in this case. Specifically, the log books used by the floor officers, the surveillance video, and count slips were not preserved. MTC officials have not valid explanation as to why these items were not preserved. As such, the Plaintiff is requesting an adverse instruction due to the spoliation of evidence.

The Fifth Circuit permits an adverse inference against the destroyer of evidence only upon a showing of 'bad faith' or 'bad conduct.'" *Id.* "Mere negligence is not enough, for it does not sustain an inference of consciousness of a weak case." *Vick v. Texas Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975) (quoting McCormick on Evidence). When bad faith or bad conduct has been shown, a spoliation instruction allows but does not require the jury to draw an adverse inference against a party. *BCE Emergis Corp. v. Cmty. Health Solutions of Am., Inc.*, 148 F. App'x 204, 219 (5th Cir. 2005) (unpublished). District courts may permit the parties to put on evidence about the alleged spoliation and let the jury "punish [parties] accordingly." *Id.*; *see United States v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000) ("A district court has discretion to admit evidence of spoliation and to instruct the jury on adverse inferences."). *Wallace v. Ford Motor Co.*, 2013 U.S. Dist. LEXIS 91164, *15-16, 2013 WL 3288455 (S.D. Miss. June 28,

1

2013).  "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."  *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (quoting *Fujitsu Ltd. v. Fed. Express Corp.,* 247 F.3d 423, 436 (2d Cir. 2001)) (additional citations omitted).

If a court concludes an adverse inference instruction is warranted, then it can deny summary judgment because the adverse inference provides a genuine issue of material fact for a jury to consider. *De Los Santos v. Kroger Tex., LP,* 2015 U.S. Dist. LEXIS 71913, *9 citing to *Molzberger v. HWCC-Tunica, Inc.*, No. Civ. A. 2:02-CV-317-JAD, 2005 U.S. Dist. LEXIS 49363, 2005 WL 1660451, at *3 (N.D. Miss. July 8, 2005) ("Since the plaintiff has the burden of proof, and *intended to meet her burden by relying on an adverse inference* arising from spoliation of these records, it was incumbent upon the plaintiff to develop at least some proof of the defendant's intentional and bad faith destruction of the records.") (emphasis added)

MTC failed to preserve the floor officers' log books[1], the count slips and the surveillance video.  Under its own retention policy, MTC was required to keep the surveillance video for 5 years. Ex. 8 @ 58. . MTC's corporate deponent agreed that it was a violation of policy not to preserve the items. She could not provide any valid reason as to why the items were not preserved. Both experts agreed that it was a violation not to preserve these items.

MTC had a duty to preserve this evidence since anticipation may result but MTC was also involved in litigation over failing to protect inmates at the time of Mr. McGrew's death. The allegations in the *Dockery* case were similar to those which led to Mr. McGrew's death. The *Dockery* plaintiffs were probing instances of inmate on inmate violence and lack of supervision.

---

[1] According to MTC's corporate deponent Marjorie Brown and MTC's own post orders, floor officers are required to document counts, security checks and other information in their own log books. See Plaintiff's Memorandum Brief in Support of Motion for Summary Judgment, page 11.

They were seeking evidence of guards not conducting security checks and counts. The plaintiff's experts inspected the prisons and talked to inmates about these very issues. Surely MTC was aware that Mr. McGrew's death would be relevant to the Dockery class claims. Why then did MTC not preserve these items and produce them to the Plaintiffs in the Dockery case? It is quite convenient for MTC that the evidence is no longer available but this has occurred before.

In *Jonsha Bell v. Management & Training Corporation*,[2] Bell was attacked in his cell at 3:50 a.m. at Wilkinson County Correctional Facility. MTC operates WCCF. Log book showed that inmates were getting out of their cells and refused to comply with requests to lockdown in their cells. Bell requested a copy of the surveillance video to show the inmates out of their cell and demonstrate that MTC had a practice of allowing inmates out of their cells at night. MTC responded that it failed to preserve this video. See Ex. 1, Marjorie Brown's 30(b)(6) deposition in the *Bell* case p. 24-30.

A showing of intentional conduct and bad faith should not put too heavy a burden upon a litigant seeking an adverse inference instruction. As explained by the Mississippi Supreme Court:

> Requiring an innocent litigant to prove fraudulent intent on the part of the spoliator would result in placing too onerous a burden on the aggrieved party. To hold otherwise would encourage parties with weak cases to "inadvertently" lose particularly damning evidence and then manufacture "innocent" explanations for the loss. In this way, the spoliator could essentially destroy evidence and then require the innocent party to prove fraudulent intent before the destruction of the evidence could be used against it.

*Thomas v. Isle of Capri Casino*, 781 So. 2d 125, 133 (Miss. 2001).

---

[2] In the United States District Court for the Southern District of Mississippi, Western Division, Cause No. 5:16-cv-39.

On that same note, a court cannot simply take spoliators at their word that there was nothing of consequence on a piece of destroyed evidence or that they negligently lose evidence. Doing so would create a rule that evidence be viewed in the light most favorable to the spoliator. The law does not require this. Further, doing so would give litigants an incentive to destroy evidence.

In the case before the Court, MTC had a duty to preserve this evidence as it was in the middle of litigation in the *Dockery* case and in anticipation of future litigation by Mr. McGrew's family. There is absolutely no excuse for MTC's behavior and the court should not condone it.

RESPECTFULLY SUBMITTED, THIS the 12th day of October, 2017.

    SANDRA FAY GIPSON, PLAINTIFF

BY:   /s/ *Charles R. Mullins*
      CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi 39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
merridac@coxwelllaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Charles R. Mullins, counsel of record for the Plaintiff, Sandra Fay Gipson, in the above-styled and referenced matter, do hereby certify that I have this caused the above and foregoing ***Plaintiff's Memorandum Brief In Support of His Motion For Adverse Instruction*** to be filed via the ECF system, which sent notification thereof to the following persons of interest:

    R. JARRAD GARNER
    RICHARD DAVIS
    ADAMS & REESE, LLP
    1018 Highland Colony Parkway, Suite 800
    Ridgeland, Mississippi 39157
    Jarrad.garner@arlaw.com
    Ben.morgan@arlaw.com

THIS, the 12th day of October, 2017.

                                                  /s/ *Charles R. Mullins*
                                                CHARLES R. MULLINS