**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

SANDRA FAY GIPSON, as Administratrix of,
and Personal Representative on Behalf of the
Wrongful Death Beneficiaries of the Estate of
CHARLES ELLIOTT McGREW, Deceased                              PLAINTIFF

V.                                    CIVIL ACTION NO. 3:16-cv-624 DPJ-FKB

MANAGEMENT & TRAINING CORPORATION
and JOHN AND JANE DOES 1-100                                  DEFENDANTS

**MEMORANDUM BRIEF IN SUPPORT OF MOTION IN LIMINE**

The Plaintiff submits this memorandum brief in support of her *motion in limine*:

Charles McGrew ("Mr. McGrew") was killed on June 10, 2014. Mr. McGrew was in prison serving a felony sentence for unlawful touching of a child. There has been other testimony elicited during depositions alleging that Mr. McGrew had committed similar acts over the years. Mr. McGrew was never convicted in any other case however.

The Plaintiff requests that the Court preclude MTC from eliciting any testimony or submitting any evidence regarding Mr. McGrew's conviction or any allegations of prior similar conduct.  It is well settled that a party cannot use a prior conviction against a person unless the person testifies at trial. *F.R.E.* 609. Similarly, uncharged criminal conduct is also inadmissible. Since Mr. McGrew will not testify MTC must be precluded from bringing out his prior felony conviction or prior uncharged criminal conduct.

The conviction and prior uncharged conduct would also constitute "prior bad acts" and are precluded pursuant to *F.R.E.* 404(b). The general rule bars the introduction of evidence of other criminal acts of the accused where the relevancy of such evidence depends upon an inference from the other criminal acts to the character of the [witness]...." *U.S. v. Cochran*, 546

1

F.2d 27, 29 (5th Cir. 1977) (citing *Michelson v. United States*, 335 U.S.469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

Even if the evidence was somehow "relevant", the Court must exclude it under *F.R.E.* 403 because any relevance is substantially outweighed by unfair prejudice, confusion of the issues, and/or misleading the jury.

For the reasons stated, the Plaintiff requests that the Court prohibit MTC from eliciting any testimony, making any argument, or introducing any evidence regarding Mr. McGrew's conviction or prior uncharged criminal conduct.

RESPECTFULLY SUBMITTED, THIS the 26th day of January, 2018.

SANDRA FAY GIPSON, PLAINTIFF

BY:  /s/ *Charles R. Mullins*
     CHARLES R. MULLINS

OF COUNSEL:

CHARLES R. MULLINS (MB# 9821)
MERRIDA (BUDDY) COXWELL (MB# 7782)
COXWELL & ASSOCIATES, PLLC
Post Office Box 1337
Jackson, Mississippi  39215-1337
Telephone: (601) 948-1600
Facsimile: (601) 948-1600
chuckm@coxwelllaw.com
merridac@coxwelllaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Charles R. Mullins, counsel of record for the Plaintiff, Sandra Fay Gipson, in the above-styled and referenced matter, do hereby certify that I have this caused the above and foregoing ***Memorandum In Support of Motion In Limine*** to be filed via the ECF system, which sent notification thereof to the following persons of interest:

>R. JARRAD GARNER
>RICHARD DAVIS
>ADAMS & REESE, LLP
>1018 Highland Colony Parkway, Suite 800
>Ridgeland, Mississippi 39157
>Jarrad.garner@arlaw.com
>richard.davis@arlaw.com

THIS, the 26th day of January, 2018.

　　　　　　　　　　　　　　　　　　　　　 /s/ *Charles R. Mullins*
　　　　　　　　　　　　　　　　　　　　　CHARLES R. MULLINS