IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| SANDRA FAY GIPSON, as Administratrix, and Personal Representative on Behalf of the Wrongful Death Beneficiaries of the Estate of CHARLES ELLIOT McGREW, Deceased<br>    *Plaintiff*<br><br>vs.<br><br>MANAGEMENT & TRAINING CORPORATION and JOHN and JANE DOES 1-100,<br>    *Defendants* | Civil Action No. 3:16-cv-624-DPJ-FKB |

**MEMORANDUM OF AUTHORITIES
SUPPORTING MTC'S THIRD MOTION IN LIMINE**

The Defendant, Management & Training Corporation ("MTC") files this Third Motion in Limine, seeking to exclude the Plaintiff, her lawyers, and her witnesses from presenting any evidence, insinuation, or argument to the jury about certain matters listed below, and would show in support the following:

**INTRODUCTION**

Throughout the Complaint and all of the briefing in this case, the Plaintiff has repeatedly made reference to MTC's lack of hiring and training quality employees. In the Complaint, the Plaintiff named various fictitious parties, identified as, "unknown officers, employees, agents and/or servants of MTC."[1]  Discovery has concluded, the dispositive motion briefing is over, and the Plaintiff has never even attempted to identify the John Doe Defendants. Nowhere in the summary judgment briefing does Plaintiff identify one person at EMCF who acted improperly in

---

[1] [Doc. 1] at ¶ 7.

49870921_1                              -1-

relation to McGrew's murder – other than Brian Bullock, who confessed to the murder.  If the Plaintiff wished to argue that MTC improperly hired, trained, or supervised its employees, she must first identify which employees were improperly hired, trained, or supervised.  Because she has never done so, she should not be allowed to offer any evidence or argument at trial that MTC was liable for improper hiring, training, or supervising its employees.

In addition, Plaintiff has made clear that she wishes to use the opinion testimony of Mathew Naidow – the former chief of security at EMCF – to bolster her claims for inadequate security at EMCF.  But, as noted in MTC's Reply Brief Supporting its Motion for Summary Judgment, Naidow was not an expert witness, cannot offer opinion testimony, and is not competent as a witness to many of the assertions made.  Should this matter go to trial, the Court should exclude these opinion statements.

Finally, the Plaintiff filed a motion seeking an adverse inference jury instruction.  That matter is fully briefed, and MTC believes that the Motion should be denied.  Should the motion be denied, the Plaintiff should not be allowed to raise the lack of surveillance video to the jury and should not be allowed to argue or imply to the jury that the video would have inculpated MTC.

## FACTUAL/PROCEDURAL BACKGROUND

The Plaintiff has alleged violations of Elliot McGrew's constitutional rights and his rights under Mississippi common law.  The standards for liability vary, but the factual predicates for both are the allegations that MTC failed to act properly in protecting McGrew from his cellmate.  The Plaintiff did not identify any MTC employee – aside from Captain Christopher Dykes – who allegedly acted improperly.  She identified no correctional officer who failed to make rounds, no tower officer who might have seen something if she had been paying attention, and no security

personnel who failed to follow his orders. And the "fault" Plaintiff attributes to Captain Dykes was that he failed to read Brian Bullock's mind. In sum, there is no evidence that any MTC employee did anything wrong in this case and – should the Court hold that MTC is not entitled to summary judgment – the Plaintiff should not be allowed to present any innuendo or argument that MTC failed to properly hire, train, and supervise its employees.

The Plaintiff also alleged that she is entitled a spoliation jury instruction for MTC's failure to preserve surveillance recordings from the date of McGrew's murder. MTC stands by its response to that Motion. In the event that the Court denies Plaintiff's Motion, the Plaintiff should not be allowed to argue or insinuate to the jury that MTC failed to preserve the video, and she should not be allowed to argue that the video might have contained bad evidence for MTC. Indeed, should the Court deny the Motion, the Plaintiff, her lawyer, and witnesses should not be allowed to mention the surveillance video to the jury.

## LEGAL STANDARD

"A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear* v. *Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (cites omitted). "The purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette* v. *BL Dev.*

*Corp.*, Nos. 2:07-cv-181-M-A, 2:07-cv-182-M-A, 2011 U.S. Dist. LEXIS 58077, 2011 WL 2134578, *4 (N.D. Miss. May 27, 2011).

## ARGUMENT

**I.    The Plaintiff should not be allowed to put on evidence of "improper hiring, training, or retention."**

Discovery has concluded. All dispositive motions have been filed. The Plaintiff has yet to identify any employee who acted badly, any bad policy regarding hiring, training, retention, or supervision, and that either of those things proximately caused McGrew's death. To allow the Plaintiff to do so now, at the eleventh hour, would unduly prejudice MTC. First, MTC has a right to know in advance the factual basis for Plaintiff's claims so that it can prepare adequately for trial. Just as important, however, the Plaintiff should not be allowed to use unfounded innuendo to support her claim. Both are unduly prejudicial. The factual and legal bases for these assertions are set forth fully in MTC's Reply Brief supporting its Motion for Summary Judgment, and MTC will not waste the Court's resources by restating them here.

**II.   The Plaintiff should not be allowed to mention the surveillance video to the jury.**

The Court should not grant the Plaintiff's Motion for Adverse Inference Jury Instruction. She has not satisfied the Fifth Circuit's high burden of proving that MTC intentionally destroyed the video in bad faith. But the Court should go further and enter an order precluding the Plaintiff, her lawyers, and her witnesses from mentioning the surveillance video or making arguments that the video would have shown MTC employees acting improperly.

## CONCLUSION

For the foregoing reasons, the Court should exclude Plaintiff or her counsel or her witnesses from introducing any evidence or argument regarding the "John Doe" defendants,

MTC various policies, Mathew Naidow's opinions about MTC, and the surveillance video from the day of McGrew's murder.

Dated: January 26, 2018.

                                                                            Respectfully submitted,

                                                                            **MANAGEMENT & TRAINING CORPORATION**

                      By:    s/H. Richard Davis, Jr.
                               R. Jarrad Garner (MSB# 99584)
                               H. Richard Davis, Jr. (MSB# 103983)
                               Adams and Reese, LLP
                               1018 Highland Colony Parkway, Suite 800
                               Ridgeland, Mississippi 39157
                               Office: (601) 353-3234
                               Fax:   (601) 355-9708
                               jarrad.garner@arlaw.com
                               richard.davis@arlaw.com

## CERTIFICATE OF SERVICE

I, H. Richard Davis, Jr., one of the attorneys for the Defendant, Management & Training Corporation, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the CM/ECF system, which has caused a true and correct copy to be served on all counsel of record.

Dated: January 26, 2018.

                                        s/H. Richard Davis, Jr.
                                        H. Richard Davis, Jr.